1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, )<br>       )<br>       Plaintiff, ) | No. CR 90-233-006-PHX-RCB |
|       )<br>vs.   ) | O R D E R |
|       )<br>Burton P. Golb, )<br>       )<br>       Defendant. ) | |

On May 9, 2005, Defendant Burton P. Golb filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Mot. Rel. Judgment (doc. 826). This motion was fully briefed on June 20, 2005. Reply Rel. Judgment (doc. 830).

Thereafter, on August 26, 2005, Golb filed a motion to modify conditions of release. Mot. Mod. Conditions (doc. 832). This motion was fully briefed on August 30, 2005. Resp. Mod. Conditions (doc. 833). Golb did not file a reply on this issue.

After careful review of the arguments presented by the parties on each of these matters, the Court now rules.

. . .

**I. Background Facts**

On July 14, 1992, a jury returned a verdict convicting Golb on Count 3 (Laundering Funds to Promote Unlawful Activity while Aiding and Abetting); Count 4 (Laundering Funds to Conceal and Disguise Proceeds of Unlawful Activity while Aiding and Abetting); Count 7 (Laundering Funds to Promote Unlawful Activity while Aiding and Abetting); Count 8 (Laundering Funds to Conceal and Disguise Proceeds of Unlawful Activity while Aiding and Abetting); and Count 15 (Criminal Forfeiture). Resp. Rel. Judgment (doc. 829) at 3; Jury Verdict (doc. 401); Jury Verdict (doc. 402).

On October 14, 1992, Golb renewed objections to the pre-sentence report. Resp. Rel. Judgment (doc. 829) at 3. On November 12, 1992, the Court sentenced Golb to a term of 175 months to run concurrent, effective July 14, 1992, and to be followed by a term of 36 months supervised release. Id.; Judgment (doc. 457). For all of the counts of conviction, Golb received the same sentence to run concurrent. Id. A special verdict form was also returned for forfeiture of assets on Count 15, and a fine of $20,000 was ordered. Id.

**II. Golb's Motion for Relief from Judgment**

The parties disagree as to whether Golb's motion should be construed as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2255, or a motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b)(6). Resp. Rel. Judgment (doc. 826) at 3-4; Reply Rel. Judgment (doc. 830). However, the Court does not reach this question, as Golb's request is precluded regardless of the posture of the motion.

Golb bases his motion and request for relief on the United

-2-

States Supreme Court rulings in Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).[1] In two recent cases, the Ninth Circuit determined that the rules announced in both Blakely and Booker are not retroactive to convictions that were final before the decisions in those cases were announced. See Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005); United States v. Cruz, --- F.3d ---, 2005 WL 2243113, at *2 (9th Cir. 2005). Thus, since Golb's conviction and sentence became final on November 1, 1995, (doc. 745), well before Blakely and Booker were published, the rulings in those cases do not apply to the case at bar, and Golb's request for relief is precluded.

**III. Golb's Motion to Modify Conditions of Release**

In his motion requesting modifications to the conditions of his release, Golb asks that upon his release, projected to be on July 11, 2011, he be permitted to live in Mexico in order to be with his wife. Mot. to Modify (doc. 832) at 1. In response, the Government objects to such modification, noting that Golb is not currently on supervised release, has not yet been assigned a probation officer, and there are no release conditions in existence at this time, thus leaving nothing to modify. Resp. (doc. 833) at 1. On the contrary, the court does have the authority to modify conditions of supervised release which it imposed as a part of the sentence to be carried out upon defendant's release from custody. However, the defendant will not be released for six years and this

---

[1] Although Golb does not specifically refer to Booker in his motion, the essence of his argument, that the United States Sentencing Guidelines are unconstitutional as a result of Blakely, tracks the reasoning in Booker. 125 S. Ct. 738; 124 S. Ct. 2531.

request is excessively early.  It will be denied without prejudice.

Therefore,

IT IS ORDERED that Golb's "Motion for Relief From Judgment Pursuant to FED.R.Cv.P. RULE [sic] 60 (b)(6)" (doc. 826) is DENIED.

IT IS FURTHER ORDERED that Golb's Motion to Modify Conditions of Release (doc. 832) is DENIED, without prejudice.

DATED this 5th day of October, 2005.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and petitioner pro se