**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR 90-233-007-PHX-RCB |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Burton P. Golb, | ) | |
| | ) | |
| Defendant. | ) | |

In this matter, Defendant Burton P. Golb previously filed a motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b)(6). Mot. Rel. Judgment (doc. 826). After reviewing this motion and its accompanying briefs, the Court issued an order denying Golb's request. Order (doc. 835). Golb now asks this Court to reconsider its order denying his motion.[1]  Motion

---

[1] The Court notes that it is not evident from Golb's motion for reconsideration what prior order he wishes the Court to reconsider. However, the Court construes from Golb's "Motion for Leave to File Out-of-Time Motion for Reconsideration" that he intends to have the Court reconsider its order regarding his motion for relief from judgment. Mot. for Leave (doc. 842) at 1.

1  (doc. 843).[2]

2  The decision to grant or deny a motion for reconsideration is left to the sound discretion of the trial court. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions are disfavored and are only appropriate if a court "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." Id. A motion for reconsideration is not the place to make new arguments not raised in the original briefs. All Hawaii Tours v. Polynesian Cultural Ctr., 116 F.R.D. 645, 650 (D. Haw. 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988). Nor is it the time to ask the court to rethink what it has already thought. Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Here, Golb does not raise any newly discovered evidence in his motion. In support of his request for reconsideration, Golb has submitted what seems to be almost an exact copy of the reply brief he filed in reference to his "Motion to Eliminate Enhancements and Reduce Sentence," which the Court denied on January 30, 2006. Order (doc. 841); Reply Mot. to Elim. (doc. 839). In any event,

---

[2] On February 6, 2006, Golb filed a motion requesting leave to file his "out-of-time motion for reconsideration and/or notice of appeal." (doc. 842). In his motion, Golb requests leave to file his motion for reconsideration late due to the fact that he did not receive notification of the Court's order denying his original motion until January 2006, when he received a letter from his counsel notifying him of such ruling. Id. at 2. The government has not filed a response in opposition to Golb's request for leave. In light of these circumstances, the Court shall grant Golb's motion for leave to file his motion for reconsideration late.

1  Golb argues that the Court should allow him to present his claims
2  based upon the decision in United States v. Booker, 125 S. Ct. 738
3  (2005), because, although Booker has not yet been made retroactive,
4  if it is, Golb will be unable to file for relief due to the time
5  restrictions established in Dodd v. United States, 125 S. Ct. 2478
6  (2005).  Mot. (doc. 843) at 2.  This assertion, however, is a new
7  argument that was not raised in the original briefs regarding
8  Golb's motion for relief from judgment.  Motion Rel. Judgment (doc.
9  826).  A motion for reconsideration is not the place to make new
10 arguments not raised in the original briefs.  All Hawaii Tours v.
11 Polynesian Cultural Ctr., 116 F.R.D. 645, 650 (D. Haw. 1987), rev'd
12 on other grounds, 855 F.2d 860 (9th Cir. 1988).
13      Second, this Court did not commit clear error when it refused
14 to grant Golb's motion for relief from judgment.  To prove that the
15 Court committed clear error, the movant must demonstrate that the
16 Court's action falls clearly outside the bounds of its authority.
17 McDowell v. Calderon, 197 F.3d 1253, 1256 (9th Cir. 1999).  If the
18 propriety of the Court's judgment is a debatable question, there is
19 no clear error and the motion to reconsider is properly denied.
20 Id.  Here, Golb makes no arguments demonstrating that the Court's
21 order falls outside the bounds of its authority.
22      Finally, Golb does not indicate that there has been an
23 intervening change in controlling law.  Hence, the third basis for
24 a motion for reconsideration is not met.
25      Therefore,
26      IT IS ORDERED that Golb's Motion for Leave to File Out-of-Time
27 Motion for Reconsideration and/or Notice of Appeal (doc. 842) is
28 GRANTED.

1  IT IS FURTHER ORDERED that Golb's Motion for Reconsideration
2 (doc. 843) is DENIED.
3  DATED this 24th day of August, 2006.

                                    Robert C. Broomfield
                                    Senior United States District Judge

Copies to counsel of record

-4-